## Case No. 792a.

BALCHEN et al. v. The ELI WHITNEY.

[9 Betts, D. C. MS. 30.]

District Court, S. D. New York. March 19, 1847.[1]

### ADMIRALTY—LIBEL IN REM.

[A libel in rem cannot be maintained by the charterers of a vessel against the vessel for a cause of action founded upon a stipulation or condition of the hiring not embraced in the charter party, or for misrepresentations or concealment of facts in respect to the tonnage or capacity of the vessel by the master or owners, leading to the charter party.]

[In admiralty. Libel in rem by George Balchen and William F. Schmidt against the ship Eli Whitney. Libel dismissed. Affirmed on appeal by the circuit court in The Eli Whitney, Case No. 4,345.]

BETTS, District Judge. The bill in this cause, demanding damages because of misrepresentation on the part of the master of said ship inducing the libellants to take the charter party in the pleading mentioned and the injuries sustained by them thereby: and also because of the non-performance of an agreement made by the master with the libellants previous to the execution of the charter party: and the voyage therein stipulated having being fully performed by the ship: and the claim and answer interposed in the cause reserving to the benefit of the owners all exception to the jurisdiction of the court over the subject matter of the suit: and on the hearing in court, the claimants having objected that the matters alleged in the libel are not of admiralty or maritime jurisdiction: and it not being made to appear to the court on the part of the libellants that any commissions were earned by them on the return voyage of the ship: if they are entitled thereto under this contract:

It is considered by the court that an action in rem cannot be maintained because of a misrepresentation or concealment of facts, by the owner or master of a ship, leading to a charter party upon her for a voyage: and it is further considered by the court that engagements entered into by an owner or master in relation to the charter of a vessel, antecedent to the execution of the charter party, and not made part thereof, cannot be enforced in rem against the ship.

Wherefore it is considered and decided by this court that the action cannot be sustained by the libellants against the ship, because of her being hired or being let to them upon any stipulation or condition not embraced in the charter party, mentioned in the pleading. It is further ordered and decided by the court that the said ship be discharged from arrest in this case, and that the libel be dismissed with costs to be taxed.